# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:01cr32(4) |
| | § | (Judge Brown) |
| MICHAEL DUANE JOHNSON | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 6, 2006 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Tracey Batson.

On March 28, 2002, the Defendant was sentenced by the Honorable Paul Brown to 57 months imprisonment followed by a 3-year term of supervised release for Conspiracy to Manufacture, Distribute, Possess with Intent to Manufacture and Distribute, or Dispense Cocaine Base. On July 29, 2005, Defendant completed his period of imprisonment and began service of his supervised term

On May 17, 2006, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that the Defendant violated the following conditions: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol

and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; (3) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons; (4) Defendant shall notify the probation officer within 72 hours of being questioned by a law enforcement officer; (5) Defendant shall pay a mandatory $300 special assessment, due immediately; and (6) Defendant shall participate in a program for testing and treatment for drug abuse under the guidance and direction of the U.S. Probation Officer, until such time as Defendant is released from the program by the probation officer.

The petition alleges that the Defendant committed the following acts: (1) Defendant submitted urine specimens that tested positive for marijuana on November 8, 22, and 28, 2005; December 5, 12, 19, and 28, 2005; January 2, 6, 11, 19, 23, 27, 30, and 31, 2006; February 9, 13, 16, 20, and 23, 2006; and March 9, 13, 20, and 24, 2006; (2) Defendant submitted urine specimens that tested positive for marijuana and cocaine on April 8, 20, and 28, 2006; (3) Defendant submitted a urine specimen that tested positive for marijuana, cocaine, and opiates on May 1, 2006; (4) Defendant submitted a urine specimen that tested positive for marijuana and opiates on May 4, 2006; (5) Defendant has failed to maintain lawful employment and has failed to provide verification of his efforts to obtain lawful employment since January 6, 2006; (6) On April 3, 2006, Defendant

was cited by the Denton Police Department for driving without a license and with an open container, which incident Defendant failed to report to his probation officer within 72 hours; (7) Defendant failed to pay his mandatory special assessment immediately, and a $70 balance remains; (8) Defendant failed to submit a urine specimen for random drug testing on November 1, 2005; December 12, 2005; February 3, 2006; March 3, and 16, 2006; and April 10, 2006; and (9) Defendant failed to call the random drug testing line to determine if he was to provide a random drug test on September 22 and 23, 2005; December 18, 19, 21 and 25, 2005; January 6, 20, 22 and 25, 2006; February 2, 3, 5, 12, 18, and 21, 2006; March 12, 17, 20, and 30, 2006; and April 9, 10, 13, 21, and 29, 2006.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the above listed violations. At the hearing, the Court recommended that Defendant's supervised release be revoked.

### RECOMMENDATION

The Court recommends that the District Court revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, with twenty-four (24) months of supervised release to follow. It is further recommended that Defendant be ordered to pay his outstanding mandatory special assessment balance of $70.00, due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of June, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE